## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

OPTUMCARE NEW MEXICO, LLC, F/K/A
DAVITA MEDICAL GROUP NEW MEXICO
LLC,

        Plaintiff,

v.                                No. 1:20-cv-00474 RB-SCY

KRISTINA GUTIERREZ-BARELA, MD,

        Defendant.

### MEMORANDUM OPINION AND ORDER

      Plaintiff OptumCare New Mexico, LLC (OptumCare) requests leave to file an Amended Complaint.[1] Plaintiff asserts that the Original Complaint mistakenly identifies OptumCare New Mexico as the real party in interest. Plaintiff seeks to substitute OptumCare Management, LLC as plaintiff to reflect the correct party in interest. It also adds an alternative equitable count for unjust enrichment. The Court will grant Plaintiff's Motion.

### I.    Legal Standard

      Rule 15 allows a party to amend its pleading once as a matter of course in limited circumstances. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend its pleading with "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 directs that leave shall be freely given "when justice so requires." *Id.* "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than

---

[1] Though neither party made mention of the issue, paragraph 16 of the proposed Amended Complaint caused the Court some pause. In it, OptumCare states that the "ABQ Plan Contracts were subsequently assigned to Plaintiff." (Am. Compl. ¶ 16.) Because this language seems to run afoul of OptumCare's argument that no assignment took place, the Court requests that OptumCare take a second look at the paragraph and determine whether a correction is necessary to remedy the confusion. The Court directs OptumCare to highlight any corrections or changes in the filed amended complaint.

on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). A court may deny a motion for leave to amend where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Further, "the history of the Rules makes clear not only that Rule 15 was meant to be generally applicable to a proposed change of plaintiffs, but that . . . Rule 17(a) is implicated as well." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2nd Cir. 1997). Federal Rule of Civil Procedure 17(a) states that "[a]n action must be prosecuted in the name of the real party in interest." Rule 17 further notes that:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3). When a party is attempting to substitute a plaintiff under Rule 17(a), such a change "should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Hilgraeve Corp. v. Symantec Corp.*, 212 F.R.D. 345, 347 (E.D. Mich. 2003) (quotation omitted).

## II.   Analysis

### A.   The Court will grant OptumCare's motion to amend its complaint.

OptumCare states that it "re-pleads the breach of agreement not to compete claim against the defendant, while substituting OptumCare to reflect the real party in interest: Optum Care Management, LLC." (Doc. 17 at 1.) OptumCare seeks to add an alternative equitable count for

unjust enrichment.[2] (*Id.*) The Court will grant OptumCare's motion. The amendment should be allowed because the complaint's factual allegations will stay intact and "justice so requires" the allowance.

First, the factual allegations will not change. OptumCare argues that it made an honest mistake. It states that counsel wrongly "believed that OptumCare New Mexico entered into the relevant employment agreements, when its single member and sole owner OptumCare Management[] is the real party that had a contractual relationship with the plaintiff." (Doc. 17 at 3.) Dr. Gutierrez-Barela contends, however, that OptumCare's efforts are meant to "make contradictory allegations to evade dismissal." (Doc. 25 at 5.) As argued in her motion to dismiss, Dr. Gutierrez-Barela holds that ABQ Health Partners, LLC was sold to Healthcare Partners, LLC, and therefore, "New Mexico law would not allow an assignment of physician noncompete from one corporation bought by another without her consent." (*Id.* at 4.)  Dr. Gutierrez-Barela finds OptumCare's attempt at amendment unfavorable because it allegedly "deletes admissions made in the original Complaint that acknowledge that Optum 'purchased' its claimed right to  enforce the 2012 Noncompetition Agreement from predecessor companies . . . ." (*Id.*)

The Court determines that Dr. Gutierrez-Barela will not be unfairly affected by this amendment because, as alleged in the Amended Complaint, ABQ Health Partners, LLC was never sold to Healthcare Partners, LLC, but only underwent a series of name changes. (*See generally* Docs. 9-2; 9-5; 9-6.) *See also Minter*, 451 F.3d at 1208 ("Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'") (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)); *Humane Soc'y of the United States v. Kienzle*, No. CIV-16-0724 LAM-SMV, 2017 WL 3421471, at *5 (D.N.M. Jan. 9,

---

[2] Because Dr. Gutierrez-Barela never questioned the addition of this equitable claim, the Court will allow it to be added to the Amended Complaint.

2017) ("[W]hen ruling on a . . . motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This amendment seeks only to substitute the proper name of the contracting entity and add an equitable claim for unjust enrichment in the alternative; none of Dr. Gutierrez-Barela's preparations for this bout of litigation will be negated. Therefore, the Court holds that this substitution does not change any of the underlying facts or claims initially pleaded.[3]

Second, "justice so requires" allowance of the amendment because it will protect Dr. Gutierrez-Barela from subsequent litigation on the same issue from the true party in interest. Dr. Gutierrez-Barela states in her Response that the substitution of the real party in interest "does not matter" because her "[m]otion to dismiss argues that none of these Optum affiliates could enforce the 2012 Noncompetition Agreement." (Doc. 25 at 4.) She furthers that "[i]f the Court grants the Motion, the proposed substitution  of one Optum subsidiary for another will be rendered moot." (*Id.*) Dr. Gutierrez-Barela is mistaken. Allowing OptumCare to substitute the proper party will "protect . . . defendant against a subsequent action by the party actually entitled to relief" and allow Dr. Gutierrez-Barela "to present defenses [she] has against the real party in interest . . . ." *Va. Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 84 (4th Cir. 1973), *cert. denied*, 415 U.S. 935 (1974). Ultimately, this amendment ensures the claim or issue has "proper res judicata effect by preventing a party not joined in the complaint from asserting the 'real party in interest' status in an identical future suit." *Com. of P.R. v. Cordeco Dev. Corp.*, 534 F. Supp. 612, 614 (D. P. R. 1982) (citing *Prevor-Mayorsohn Caribbean v. P.R. Marine*, 620 F.2d 1, 4 (1st Cir. 1980)). Because of this, the Court finds that "justice so requires" the allowance of this amendment. The Court will grant OptumCare's motion to amend its complaint.

---

[3] At the motion to dismiss stage the Court accepts the allegations of the complaint as true. This is subject to change if after discovery evidence is offered to negate OptumCare's contention.

THEREFORE,

**IT IS ORDERED** that OptumCare's Motion for Leave to Amend Complaint and Memorandum of Law in Support (Doc. 17), is **GRANTED**. OptumCare has one week to file its Amended Complaint with any corrections or changes to paragraph 16 highlighted as described above.

**IT IS FURTHER ORDERED** that Dr. Gutierrez-Barela's Motion to Dismiss (Doc. 5) is **DENIED AS MOOT** with leave to refile based on the Amended Complaint.

ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE