## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

OPTUMCARE MANAGEMENT, LLC,
        Plaintiff/Counter-Defendant,

        v.                                                    Civ. No. 20-474 RB/SCY
                                                              *Consolidated with* Civ. No. 20-817

KRISTINA GUTIERREZ-BARELA, MD,
        Defendant/Counter-Plaintiff,


                                                              *Consolidated with* Civ. No. 21-982

OPTUMCARE MANGEMENT, LLC,
        Plaintiff,

        v.

TIMOTHY GRENEMYER, D.O.,
        Defendant.

## ORDER DENYING EXTENSION OF
## EXPERT DISCLOSURE DEADLINE

Doctors Kristina Gutierrez-Barela and Timothy Grenemyer (the Doctors) seek an extension of their expert disclosure deadline from September 29, 2022 to April 6, 2023. Doc. 118 OptumCare Management opposes the request. Doc. 123. Because the Doctors have not met their burden to show good cause for extending the expert disclosure deadline, the Court denies their motion.

## LEGAL STANDARD

Rule 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time . . . if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). However, if the time to act has passed, the Court may extend the time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[A] finding of excusable neglect under Rule 6(b)[(1)(B)] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that

there was a reasonable basis for not complying within the specified period." *Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 544, 547 (D.N.M. 2011) (citing *In re Four Seasons Sec. Laws Litig.,* 493 F.2d 1288, 1290 (10th Cir. 1974)). Inadvertence, ignorance of the rules, and mistake of the rules are not sufficient to show excusable neglect. *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

A determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Such circumstances include: "(1) the danger of unfair prejudice to the opposing party; (2) the length of the delay caused by the neglect and its impact on judicial proceedings; (3) the reason for delay, and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party." *Id.*; *see also Quigley*, 427 F.3d at 1238 (applying the *Torres* standard of excusable neglect to an issue arising under Rule 6(b)). "The reason for delay is an important, if not the most important, factor in this analysis." *Hamilton v. Water Whole Intern. Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008).

Further, a party requesting an extension of a scheduling order deadline must make a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4) (requiring that a scheduling order may be modified "only for good cause and with the judge's consent"). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotation omitted). In this way, "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo v. Bd.*

2

*of Educ. of the Albuquerque Pub. Sch.*, No. CIV 02-1146 JB/LFG, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007). Rulings on discovery matters are within the broad discretion of the trial court. *See Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994).

## DISCUSSION

The Court held a Rule 16 scheduling conference and, after discussion with the parties, entered a scheduling order whereby OptumCare's expert disclosures would be due June 1, 2022 and the Doctors' expert disclosures would be due July 1, 2022. Doc. 60. It appears that these deadlines passed without either side providing expert disclosures as, on July 8, 2022, the parties jointly filed a motion to extend various discovery deadlines, including expert disclosures. Doc. 79. The Court granted this motion, extending OptumCare's expert disclosure deadline to August 30, 2022 and the Doctors' expert disclosure deadline to September 29, 2022. Doc. 80. Again, it appears this deadline passed without either party providing expert disclosures.

In mid-November, OptumCare proposed that the parties jointly move the discovery end date and the Doctors agreed. Doc. 118 at 4, Doc. 118-1. Although the Doctors sought to include an extension of the expert disclosure deadlines as part of the November 22 joint motion for extension, OptumCare opposed an extension of the expert disclosure deadlines on grounds that those deadlines had already passed. Doc. 118 at 4. Accordingly, on November 22, 2022 (approximately one week before the scheduled close of discovery), the parties filed another joint motion to extend the discovery deadline (until July 21, 2023) and to vacate the September 18, 2023 trial setting, but did not jointly move to extend the expert disclosure deadline. Doc. 99. Noting the age of the case and "the Civil Justice Reform Act's mandate to implement a delay reduction plan to 'ensure just, speedy, and inexpensive resolution of civil disputes,'" the Court denied the motion to extend in part, extending the termination date for discovery only until June 5, 2023. Doc. 102 (citing 28 U.S.C. § 471).

On December 21, 2022, a month after the parties filed their joint motion to extend the discovery termination date (that did not include a request to extend the expert disclosure deadlines), and nearly *three months* after the expiration of the Doctors' already-extended expert disclosure deadline, the Doctors filed the present motion to extend expert discovery deadlines. The Doctors' motion focuses on the current schedule and correctly asserts that the June 5 deadline to terminate discovery leaves room for expert disclosures. Doc. 118 at 5.  The Doctors propose that OptumCare's expert disclosures could be completed by March 7, 2023, and theirs could be completed by April 6, 2023. *Id*. The Doctors also assert that such a modification would create no prejudice to OptumCare.

In response, OptumCare argues that it would be prejudiced by having to incur the expense of rebuttal experts. Doc. 123 at 11. This is not a compelling argument. OptumCare's argument is essentially that granting the Doctors' motion would put the parties back into the same position they would have been in had the Doctors not missed their deadline. Being required to proceed through a normal course of litigation is not undue prejudice. OptumCare further argues that when "Defendants silently allowed the expert disclosure deadline to pass . . . naturally OptumCare made certain strategic and case preparation decisions based on the fact that this case does not involve expert discovery." *Id*. This argument is better, but still carries little force. The Court's extension of the discovery deadline until June 5, 2023, and of the trial setting until April 15, 2024, minimizes any prejudice from strategic or case preparation decisions already made, as OptumCare cannot credibly claim to be irreversibly locked into any such decisions.

Thus, the Tenth Circuit's first factor in its excusable neglect test (the danger of unfair prejudice to the opposing party) weighs in favor of the Doctors. The second factor (length of delay caused by the neglect and its impact on judicial proceedings) also weighs in favor of the

Doctors. Although this case has now grown old, the discovery deadline has already been extended until June 5, regardless of whether expert deadlines are also extended. Thus, extending the expert deadlines would not extend the discovery period and would have a minimal impact on judicial proceedings. The third factor (the reason for delay, and whether it was in the reasonable control of the moving party) weighs against the Doctors, as they have provided little reason for their delay and no reason to believe that that meeting their deadline was not in their control. Finally, the fourth factor (good faith on the part of the moving party) also weighs in favor of the Doctors as the Court has no indication that the Doctors' request for extension is anything but good faith. Looking at these factors in the aggregate, the Court concludes that they weigh in favor of the Doctors for purposes of a Rule 6 excusable neglect analysis.

This cannot be the end of the Court's analysis, however. As set forth above, binding Tenth Circuit precedent dictates that in determining whether good cause exists to alter the Court's scheduling order under Rule 16, the Court must consider whether the party seeking an extension was diligent in attempting to meet the scheduling deadlines. On this record, the Court cannot find that the Doctors were.

In cursory fashion, the Doctors argue, "For the same reasons that good cause existed to grant Optum's request to extend the discovery deadline until June 5, 2023, that same good cause should support a parallel extension of the expert disclosure deadlines." Doc. 118 at 5. The Doctors do not describe those reasons or attempt to explain why those undescribed reasons apply equally to expert deadlines as the discovery termination deadline.

The one sentence the Doctors devote to addressing the question of good cause also fails to acknowledge several factors that weigh against the Doctors' request. First, courts subject joint motions to less scrutiny than opposed motions; thus, unopposed relief a court might grant could

differ from what relief a court might grant if a request were opposed.[1] Second, the parties filed their motion to extend the discovery termination deadline *before* that deadline expired; in contrast, the Doctors moved to extend their expert discovery deadline months *after* that deadline had already expired. Third, the Doctors' motion to extend expert deadlines was not filed at the same time as the joint motion to extend the discovery termination date; it was filed a month later.

More importantly, however, the Doctors provide no basis for finding that they made any effort, much less diligent effort, to meet the expert disclosure deadline. They simply do not say what effort, if any, they made to comply with this deadline. They do not mention any issues or complications related to obtaining expert information or why it would have been impracticable to obtain expert information during the almost 7 months that passed between the scheduling order and their already-extended expert deadline. They do not explain how anything in any of the motions to amend or dismiss the various claims and counterclaims filed this past year bear on any expert testimony they intended to elicit.

Nor do the Doctors describe what type of expert they would use, how their expert would be important to their case, or how deprivation of their expert testimony would prevent this case from being decided on the merits. Thus, the Court has no information on which it could conclude that failure to extend the expert deadlines would be unjust. And, given that the Doctors' two requests for extensions of expert deadlines came after those deadlines had already lapsed, the Court cannot conclude that denying the Doctors' belated motion to extend is unjust. Indeed, the present motion to extend expert deadlines comes almost three months after the Doctors' deadline already lapsed.

---

[1] Nonetheless, courts do not rubber stamp unopposed motions, as demonstrated by the Court's rejection of the parties' request to extend the discovery termination date to the end of July.

In sum, Tenth Circuit precedent requires a party seeking to amend a scheduling order to show good cause and states that the most important factor district courts must consider in making a good cause determination is whether a party made diligent efforts to comply with the court's deadline. The Doctors here have failed to make such a showing.

THEREFORE, IT IS ORDERED THAT Defendants' Motion To Extend Expert Disclosure Deadlines (Doc. 118) is denied.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE