IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OPTUMCARE MANAGEMENT, LLC,
    Plaintiff/Counter-Defendant,

v.

KRISTINA GUTIERREZ-BARELA, MD,
    Defendant/Counter-Plaintiff,

OPTUMCARE MANGEMENT, LLC,
    Plaintiff,

v.

TIMOTHY GRENEMYER, D.O.,
    Defendant.

Civ. No. 20-474 RB/SCY
*Consolidated with* Civ. No. 20-817

*Consolidated with* Civ. No. 21-982

**ORDER GRANTING IN PART AND
DENYING IN PART MOTIONS TO COMPEL**

OptumCare Management ("OptumCare") filed two identical motions to compel discovery against Doctors Kristina Gutierrez-Barela and Timothy Grenemyer ("the Doctors"). Docs. 104 & 105.[1] The motions to compel bring a number of challenges to the Doctors' discovery answers. The Court considers each in turn, and denies the motions in part and grants the motions in part.

    A.    <u>Generalized objections</u>

OptumCare, as is common practice, preceded its first set of discovery requests with definitions and instructions. Doc. 104-7. OptumCare explains in its motion that the definitions specified the "information OptumCare Management is seeking when it uses certain terms

---

[1] Because the two motions are identical in material respects, this Order will cite to Doc. 104. The two Doctors' discovery answers varied slightly (compare Doc. 104 at 6 with Doc. 105 at 6), but no party argues that the variances are material to the Court's decision on the present motions. Therefore, the Court will cite the exhibits to Doc. 104 as well. Its analysis applies equally to Doc. 105.

capable of multiple meanings such as 'identify' and 'describe.'" Doc. 104 at 5. The Doctors, as is also common practice, raised generalized objections to those definitions and instructions at the beginning of their answers to this first set of discovery. Doc. 104-1 at 1.

All parties agree that, as a general matter, providing definitions when serving discovery is appropriate and often helpful. All parties also agree that if those definitions are unduly complex or expansive, they become counterproductive and are objectionable. OptumCare argues that its definitions do not fall into the latter category, that the Doctors' objections are groundless and, therefore, the Court should overrule the objections. Doc. 104 at 5.

The Court need not analyze each definition OptumCare provides to determine which side of the complex/burdensome line each of its definitions falls. The Court has reviewed the interrogatory responses at issue in OptumCare's motion and does not see any obvious unanswered information or categories of information, aside from the specific issues addressed below.[2]

The Court agrees with OptumCare, however, that if the Doctors have specifically withheld discovery based on an objection to OptumCare's definitions, they should say so. *See* Doc. 126 at 2 ("OptumCare Management has no way of knowing whether categories of materials are being withheld on the basis of Defendants' objections to the definition and nowhere do they specify in each individual response whether they have done so."). The Court therefore orders the Doctors to inform OptumCare whether they have intentionally withheld information based on a disagreement the Doctors have with a definition OptumCare provided. If it has not, the Court

---

[2] The Doctors explain there was a dispute as to whether the Doctors were required to provide contact information for the persons identified in the answers to some of these interrogatories because the global definition of "identify" called for such information. The Doctors also explain the parties have resolved this dispute and the Doctors supplemented their answers. Doc. 124 at 8-11.

agrees with the Doctors that the parties' dispute over the definitions does not create any issue for this Court to resolve. *See* Doc. 124 at 4 ("Optum fails to identify a single instance in which Defendants' objection . . . creates any actual issue for this Court to resolve"; the Doctors "provided substantive responses to virtually all of Optum's discovery requests"; and that "created no actual controversy requiring a motion or an order.").

B.      Interrogatory Nos. 2, 3, 6, and 15

Similarly, OptumCare asks the Court to overrule the objections the Doctors raised in the course of answering Interrogatory Nos. 2, 3, 6, and 15. Doc. 104 at 5. For example, the Doctors responded to Interrogatory No. 6 with a lengthy answer but stated at the end of the response: "to the extent that Interrogatory No. 6 seeks additional information, Defendant objects to Interrogatory No. 6 on grounds that it is overly broad, vague and ambiguous, and fails to state with sufficient particularity the information sought." Doc. 104-1 at 6. In their response brief, the Doctors state that they provided "complete" answers to these interrogatories. Doc. 124 at 5. OptumCare replies that "it is impossible to determine from Defendants' responses and conclusory objections whether Defendants answered completely or whether they are withholding information on the basis of the conclusory objections." Doc. 126 at 6.

Again, OptumCare does not point the Court to any part of these interrogatories that were not answered. As the Doctors highlight, OptumCare's motion to compel "fails to explain what additional information OptumCare claims to seek or otherwise explain how Defendants' extensive answer to this interrogatory is 'incomplete.'" Doc. 124 at 7. The Court cannot compel the Doctors to provide missing information when there is no indication any information is missing. That being said, the Court orders the Doctors to inform OptumCare whether they have intentionally withheld responsive information based on one of these objections.

C.     Interrogatory Nos. 10-11, 14 and 16

OptumCare moves to compel complete responses to Interrogatory Nos. 10 and 11. Doc. 104 at 6. The Doctors' answers stated that the interrogatories were duplicative of Interrogatory No. 9 and incorporated the Doctors' answers to Interrogatory No. 9. Doc. 104-1 at 11-12. OptumCare moves to compel complete answers, arguing that the interrogatories were not duplicative. Doc. 104 at 6. In response, the Doctors again assert they gave full and complete responses to these interrogatories. Doc. 124 at 17.

The Court agrees with OptumCare that Interrogatories Nos. 9, 10, and 11 are not duplicates of one another. However, that does not necessarily mean that the Doctors' answers were incomplete. As the Doctors explain, the "answer[s] to Interrogatory Nos. 10 and 11 are sufficient because [the Doctors'] extensive, detailed answer to Interrogatory No. 9 _also_ answers Interrogatory Nos. 10 and 11." Doc. 124 at 17 (emphasis in original).

OptumCare does highlight a category of information it thinks Interrogatory Nos. 10 and 11 requested, and which is missing from the answer to Interrogatory No. 9. Interrogatory No. 9 asks for "each 'misrepresentation'" regarding future compensation relied on when signing the noncompetition agreement while Interrogatory Nos. 10 and 11 ask about "each promise [that] was made, regarding 'increased revenues and compensation,'" and which forms the basis for the Doctors' counterclaims, and ask for the identity of the person making the promise and the means by which the promise was made. Doc. 104-1 at 8-12. Yet, OptumCare argues, "Defendant's answer to Interrogatory No. 9 references no 'promises.'" Doc. 104 at 6.

The Court disagrees with OptumCare. The Doctors' answers to Interrogatory No. 9[3] described multiple "promises" regarding "increased revenues and compensation," identified who made the promises, and stated the means by which the promise was made:

> Dr. Magnes and Mr. Harrison conducted a meeting with members in which they pressured the members to approve the merger, and Dr. Magnes also visited members individually to pressure them to approve the merger. . . .
>
> . . . . Dr. Magnes, Mr. Harrison, and the board represented that:
>
> (1) the total payment to be made to each member would likely exceed $1 million (including an initial payment and later "earnout"); and
>
> (2) the acquisition by HCP would stabilize the medical practice, increase revenues, increase physician compensation, and improve patient care;
>
> (3) members would make more money as employed physicians;
>
> (4) all ABQ Health Partners employees would retain positions and practice would remain fully staffed, and medical group would get more support from new owner;
>
> Dr. Magnes visited Dr. Gutierrez-Barela individually to personally discuss the merger and told her: "Don't overthink this deal."

Doc. 104-1 at 9. The use of the word "represented" in the above passage instead of the word "promised" does not justify a finding that this answer was incomplete. Again, based on the Doctors' representations, there is nothing to compel.

With respect to Interrogatory Nos. 13 and 14, OptumCare asked the Doctors to identify and describe "the form, substance, and nature of each alleged instruction" to sign a non-compete agreement as contended in the Doctors' counterclaims.[4] Doc. 104 at 7. The Doctors answered: "The members were directed in writing and verbally to sign the 2012 Noncompetition

---

[3] Or in Dr. Grenemyer's case, Interrogatory No. 8. Doc. 105-1 at 8-9.

[4] Optum's motion to compel does not specifically request further information in response to Interrogatory No. 13. However, because Interrogatory No. 13 overlaps with Interrogatory No. 14, which Optum does seek to compel a further response to, the Court considers both together.

Agreement." Doc. 104-1 at 14. As OptumCare points out, this response does not break down which instructions were verbal and which were in writing. Doc. 104 at 7. Nor does the response provide relevant detail about the writing, such as the date, substance, author, form and addressee of such writing. Doc. 104 at 7. Further, incorporating the response to Interrogatory No. 13 is not sufficient to answer Interrogatory No. 14 because the response to Interrogatory No. 13 described only communications at meetings or personal visits rather than any writings.

The Doctors argue that, in combination, their answers to Interrogatory Nos. 9, 13, and 14 give this information in full, but the Court does not see where in any of these three answers the Doctors describe "written" instructions separately from the in-person meetings and conversations with Dr. Magnes and Mr. Harrison; describe the nature of such written instructions; or identify the person giving the written instructions. (If the answer is that the Doctors "do[] not recall" the written representations and statements, Doc. 104-1 at 12, that should be made clearer.) Similarly, with respect to Interrogatory No. 16, the Doctors' answer references "various letters" without answering the rest of the interrogatory. Doc. 104-1 at 17.

In their response, the Doctors state that they have "agreed" to produce the writings in question. Doc. 124 at 18. An interrogatory may under certain circumstances be answered with reference to a document production. Fed. R. Civ. P. 33(d). But the Doctors do not explain why they have not timely produced these writings or when they anticipate doing so. The Court orders the Doctors to make the promised production, or supplement their answers to Interrogatory Nos. 13, 14, and 16 to fully answer the interrogatory, by the date given at the end of this Order.

D. <u>Requests for Production</u>

OptumCare moves to compel complete responses to Request for Production Nos. 2, 3, 6, 7, 8, 9, 10, and 11. Doc. 104 at 8-9. In their response brief, the Doctors state: "Defendants repeatedly and expressly agreed to produce responsive records that are in their possession,

custody and control. . . . OptumCare does not identify what else Defendants could be compelled to produce except for the documents that they have, which they have already agreed to produce." Doc. 124 at 21 (emphasis removed). Again, however, the Doctors do not indicate when they intend to produce the documents or explain why the documents were not already timely produced. The Doctors are ordered to produce the documents in question by the date given at the end of this Order.

OptumCare requests that the Court also order the Doctors to state, for each objection to these requests for production, whether responsive documents are being withheld on the basis of the objection. Doc. 126 at 11. This is required by the Federal Rules. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). Therefore, the Court instructs the Doctors to state in their supplemental answers to the requests for production whether responsive documents in the Doctors' possession, custody or control were withheld on the basis of the objections, including the generalized objection at the beginning of the responses. Doc. 104-2 at 1.

E.      Request for Admission No. 1

OptumCare asked the Doctors to admit that "OptumCare Management, LLC" was formerly named "HealthCare Partners, LLC." Doc. 104-3 at 2. The Doctors denied this request for admission. *Id.* Relatedly, Interrogatory No. 17 asked the Doctors to "[i]dentify and describe in detail all material factual and legal bases for any of your responses to a request for admission that is not an unqualified admission." Doc. 104-1 at 18. The Doctors stated:

> Request for Admission No. 1: Optum's corporate structure and history is sufficiently complicated that its own counsel filed [] suit in the name [of the] wrong subsidiary. Dr. Gutierrez-Barela is without sufficient information to admit or deny "whether OptumCare Management, LLC was formerly named HealthCare Partners, LLC," and therefore demands proof of the same.

*Id.*

7

OptumCare argues that this answer is incomplete because "Defendant declined to provide any basis whatsoever" for the denial and instead stated that the Doctors lack sufficient information to admit or deny, which are two different responses. Doc. 104 at 8. In their brief, the Doctors argue that to be able to admit or deny, they require further discovery on the topic of OptumCare's corporate organization, which OptumCare has refused to provide. Doc. 124 at 20.

The Court agrees that the Doctors' answer to Interrogatory No. 17 is at odds with the denial to Request for Admission No. 1. The interrogatory answer states that the Doctors lack sufficient information to answer the request for admission. As OptumCare points out, however, the Doctors *did* answer the request for admission, with a denial. If the Doctors needed further information to be able to admit or deny the request for admission, their bare denial to Request to Admission No. 1, without stating so, was improper. Fed. R. Civ. P. (a)(4) (the options when responding to a request for admission include admit, deny, or "assert lack of knowledge or information as a reason for failing to admit or deny"). In addition, the response to Interrogatory No. 17 failed to say anything about the missing discovery that the Doctors now contend was required to respond to Request for Admission No. 1.

The Court therefore orders the Doctors to amend their answers to Request for Admission No. 1 and Interrogatory No. 17 to consistently reflect the reasons for refusing to admit or deny this request.

F.  Attorney's fees

OptumCare requests its fees in bringing the motions. Doc. 104 at 1. The Court denies the request. OptumCare failed to meet and confer with respect to certain aspects of relief raised in the motions. *See* Doc. 124 ("In its Motions, Optum requests that Defendants provide a verification of their answers to interrogatories. This issue was not previously raised during the parties' meet and confer discussions, and had it been, Defendants would have agreed to promptly

provide a verification, and will do so now."). The Court encourages the parties to work more cooperatively when meeting and conferring on discovery issues in the future.

In addition, the Court grants in part and denies the motion in part. It is not realistic to apportion fees between the issues on which OptumCare prevailed and those on which it did not. The Court declines to award any fees. Fed. R. Civ. P. 37(1)(5)(C).

## **CONCLUSION**

The Motions Of OptumCare Management, LLC To Compel Defendant To Provide Complete Discovery Responses (Docs. 104 and 105) are DENIED IN PART and GRANTED IN PART. Defendants Kristina Gutierrez-Barela and Timothy Grenemyer shall supplement their discovery responses or production as follows:

- Supplement their answers to Interrogatory Nos. 13, 14, and 16 to fully answer the interrogatory as to "writings" and "letters," or produce the writings in question; and

- Produce the documents in their possession, custody, and control responsive to Request for Production Nos. 2, 3, 6, 7, 8, 9, 10, and 11;

- State whether any responsive documents were withheld on the basis of objections to the requests for production;

- State whether the Doctors intentionally withheld responsive information based on an objection to the definitions or to Interrogatory Nos. 2, 3, 6, and 15;

- Amend their answers to Request for Admission No. 1 and Interrogatory No. 17 to consistently reflect the reasons for refusing to admit or deny this request.

The supplementation shall be due within **14 days** of the date of this Order, subject to a stipulation or request for reasonable extension of time. The motions are denied in all remaining respects.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE